UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>PVP-Salem Associates, L.P.</u>

    v.                                Civil No. 04-cv-386-JD

<u>Parlex Corporation</u>


<u>O R D E R</u>

    Parlex Corporation, the defendant in this action for breach of a commercial lease and related claims, has moved to amend its answer to assert counterclaims against the plaintiff, PVP-Salem Associates, L.P.  PVP-Salem objects.  Parlex has filed a reply to the objection and PVP-Salem has filed a sur-reply.

    PVP-Salem commenced this action against Parlex, its former tenant, on October 14, 2004, seeking to recover unpaid rent and other damages for Parlex's alleged failure to vacate the premises in accordance with the terms of the parties' lease.  On June 27, 2005, PVP-Salem obtained leave to file an amended complaint, which Parlex answered on January 12, 2006.  This pleading, like Parlex's response to the original complaint, asserted four numbered counterclaims.  On February 28, 2006, the court granted PVP-Salem's motion for summary judgment on these counterclaims without objection from Parlex.

    On February 8, 2006, however, Parlex had taken the deposition of David Morin, a real estate broker who PVP-Salem had

engaged, <u>inter alia</u>, to assist in reletting the premises after Parlex moved out.  Morin testified to his belief that the area of the premises was smaller than PVP-Salem's president, Paul V. Profeta, had previously indicated to him or, as it turns out, to Parlex during the negotiation of the lease at issue here.  In particular, in a May 2, 1997, letter to Parlex summarizing the terms of the parties' agreement, Profeta had written that the premises measured 46,000 square feet and that "rent will be $5.65 per square foot," subject to escalation.[1]  Mot. Amend. Ex. D. Parlex says that, as a result of Morin's testimony, it calculated the area of the premises for the first time and that they actually measure some 1,225 square feet less than the number stated in Profeta's letter of intent.

Thus, on March 2, 2006, Parlex moved to amend its counterclaim to recover the difference between the rent it paid under the lease, and what it would have paid for 38,775 square feet.  Parlex seeks to assert claims of negligent misrepresentation, breach of the covenant of good faith and fair dealing, and money had and received.  PVP-Salem objects to the amendment on a number of grounds.

---

[1] According to the letter, this figure consisted of 34,000 square feet available at the beginning of the lease term and another 12,000 square feet Parlex would occupy once the current tenant vacated.

"When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."  Fed. R. Civ. P. 13(f).  This rule "is interpreted liberally, and amendment is freely granted in order to settle all claims in one action."[2]  Salomon S.A. v. Alpina Sports Corp., 737 F. Supp. 720, 721 (D.N.H. 1990); see also, e.g., Budd Co. v. Travelers Indem. Co., 820 F.2d 787, 791-92 (6th Cir. 1987); 3 James Wm. Moore et al., Moore's Federal Practice § 13.43[1], at 13-57 (3d ed. 1997).  As the court indicated at the final pretrial conference, held April 10, 2006, this policy supports the allowance of the amendment here, subject to the resolution of a dispute over the interpretation of the

---

[2]By the time Parlex filed its motion to amend, PVP-Salem had already moved for summary judgment on both its claim for breach of contract and Parlex's original counterclaims, though discovery remained open until March 31, 2006.  Neither party has addressed whether, given this state of affairs, the motion should be decided according to the heightened "substantial evidence" standard applicable to amendments sought after the docketing of a summary judgment motion and the close of discovery, or even whether this standard applies in the case of a motion to add a counterclaim.  Cf. Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001).  In any event, the court believes that the proposed amendment satisfies this standard.  Furthermore, though the deadline for filing motions to amend under the scheduling order had passed by the time Parlex filed its motion, the court believes that extending that deadline to permit the filing is in accordance with Fed. R. Civ. P. 16(f).

lease on which the court has ordered additional briefing.

Though a motion to add a counterclaim may be denied on the basis of futility, see, e.g., Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 420-21 (4th Cir. 1990), PVP-Salem's objections to the amendment raise factual issues going to the probable success of the proposed counterclaims, rather than whether they are futile because they fail to state a claim for relief.  First, PVP-Salem argues that the size of the premises was immaterial to the rent Parlex agreed to pay because, while the lease states that the premises measure approximately 46,000 square feet, it does not express rent as a function of square footage but simply provides for an "Annual Base Rent" subject to an escalation formula.  In the face of the May 2, 1997, letter of intent indicating that the parties had figured the rent based on the square footage, however, this argument does not demonstrate that the amendment is futile.[3]

Second, PVP-Salem contends that the premises actually exceed 46,000 square feet when certain "mezzanine space" is included in the total.  Parlex, however, states that it never used this space and that the parties never contemplated such use when they

---

[3]The same is true of PVP-Salem's suggestion that Parlex either generated, or at least acquiesced in, the measurement of part of the premises at 34,000 square feet.

negotiated the lease, which also does not mention the mezzanine space.  Whether the "mezzanine space" should be included in the calculation, then, also amounts to a factual issue that does not demonstrate the futility of the amendment.

Third, PVP-Salem contends that Parlex should have asserted the counterclaim as part of its original answer, because it had by that point created a plan (albeit for a different purpose) that contained measurements of various portions of the space.  Parlex rejoins, however, that it had no reason to add up the figures then--and in fact did not--because it had taken PVP-Salem at its word when it provided the square footage figure.  Based on this record, the court concludes that, at worst, Parlex failed to set up its counterclaim in its original answer through oversight, inadvertence, or excusable neglect within the meaning of Rule 13(f).  See, e.g., Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993).

In any event, whether a counterclaim can be added through amendment depends to a considerable degree on prejudice to the opposing party, id. at 382 n.10, and, as the court noted at the final pre-trial conference, any unfair prejudice PVP-Salem faces from the amendment will be mitigated by extending the discovery deadline and continuing the trial in this matter.  To that end, the court has already ordered the parties to submit a proposed

scheduling order to allow PVP-Salem to engage in appropriate discovery and motion practice on the counterclaims.  Finally, as discussed at the conference, the parties shall also agree upon a schedule to submit additional briefing on whether sections 4(a) and 4(c) of the lease should be interpreted to bar the assertion of the counterclaims here.  Subject to the court's resolution of that issue, and for the foregoing reasons, Parlex's motion to amend (document no. 32) is GRANTED.

    SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

April 11, 2006

cc:   Anthony S. Augeri, Esquire
      R. David DePuy, Esquire
      Edward A. Haffer, Esquire
      Edward D. Kutchin, Esquire
      Kerry R. Northup, Esquire